### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **KENNETH ROBERT GODSEY,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:09-0130** |
| ) | **(Criminal No. 1:05-0114)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at USP Terre Haute, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on February 12, 2009.[1] (Document No. 81.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 86.)

### FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2005, Movant pled guilty to one count of mailing threatening communications, in violation of 18 U.S.C. § 876 (Count One). (Criminal Action No. 1:05-0114, Document Nos. 28 - 30.) Movant was sentenced on January 31, 2006. (Id., Document Nos. 37 and 41.) A Presentence Investigation Report was prepared. (Id., Document No. 39.) The District Court determined that Movant had a Base Offense Level of 12, and a Total Offense Level of 12, the Court having applied no enhancements or downward adjustments. (Id., Document Nos. 40 and 41.) After

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

considering the Guideline range and the Section 3553(a) factors, the District Court determined that a departure above the advisory Guideline range was appropriate and reasonable. (Id.) The District Court ordered that Movant serve a 60-month term of incarceration to be followed by a three-year term of supervised release. (Id.) The District Court also imposed a $100 special assessment. (Id.)

On March 2, 2006, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 43.) In his appeal, Movant argued that the District Court erred by (1) imposing an excessive sentence; (2) imposing a sentence above the range of 21 - 27 months without previously providing notice of its intent to do so. The Fourth Circuit Court of Appeals affirmed Movant's sentence on January 24, 2007. United States v. Godsey, 214 Fed.Appx. 274 (4th Cir. 2007). Movant filed a petition for certiorari in the United States Supreme Court, which was denied on January 7, 2008. Godsey v. United States, 552 U.S. 1095, 128 S.Ct. 861, 169 L.Ed.2d 723 (2008).

On June 12, 2008, Movant pled guilty again to one count of mailing threatening communications, in violation of 18 U.S.C. § 876 (Count One). (Criminal Action No. 1:08-016, Document Nos. 41, 45 and 46.) Movant was sentenced on October 6, 2008. (Id., Document Nos. 61 and 63.) The District Court ordered that Movant serve a 60-month term of incarceration to run consecutively to Movant's previously imposed, undischarged federal sentence. (Id.) The Court also imposed a three-year term of supervised release to run consecutively to Movant's previously imposed, undischarged term of federal supervised release. (Id.) On October 20, 2008, Movant filed a Notice of Appeal. (Id., Document No. 65.) The Fourth Circuit Court of Appeals affirmed Movant's sentence on June 3, 2010. United States v. Godsey, 381 Fed.Appx. 256 (4th Cir. 2010).

On February 12, 2009, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody raising issues challenging his first

conviction and sentence in Criminal Action No. 1:05-0114. (Civil No. 1:09-0130, Document No. 81.) As grounds for *habeas* relief, Movant alleges as follows: (1) Ineffective assistant of counsel;[2] and (2) Illegal sentence under the mandatory Guidelines.[3] (Id., pp. 4 - 5.) Therefore, Movant contends that the Court should vacate his conviction and sentence. (Id.)

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

---

[2] Movant alleges that counsel was ineffective in failing to request a psychological evaluation and failing to communicate properly. (Civil Action No. 1:09-0128, Document No. 81, p. 4.) Specifically, Movant states that "I believe he could have done a better job handling my case; I just didn't like him and our communication was poor." (*Id.*) A movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to explain how trial counsel was ineffective in failing to request a psychological evaluation and failing to communicate properly. Further, Movant fails to allege how counsel's above failures resulted in prejudice. Movant's conclusory allegations are insufficient. Accordingly, Movant's above claim of ineffective assistance of counsel should be dismissed.

[3] Movant argues that the District Court erred in imposing a sentence above the Guideline range. The Court notes that the above ground represents an improper attempt to re-litigate an issue fully resolved on appeal. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), *cert. denied*, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976). The issue was raised on appeal and rejected by the Fourth Circuit. Therefore, Movant's above claim is procedurally barred because Movant is seeking to revisit the same issue that was addressed on direct appeal without directing the Court to any intervening change in law which authorizes him to do so.

    (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

      The Fourth Circuit affirmed Movant's first conviction mailing threatening communications and sentence on January 24, 2007, and his sentence became final on January 7, 2008, when the United States Supreme Court denied his petition for certiorari. On February 12, 2009, approximately one month after the one year period expired, Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal No. 1:05-0114. Movant's Motion is therefore clearly untimely.

      The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct

>situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. Movant explains that he "didn't know how to fill out a 2255 motion" and that he "didn't know what a 2255 motion was." (Civil Action No. 1:09-0130, Document No. 81, p. 12.) As stated above, ignorance of the law is not a valid basis for equitable tolling. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned

recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motions Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 81.) and **REMOVE** this matter as consolidated from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: November 22, 2011.

R. Clarke VanDervort
United States Magistrate Judge